UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENE KINDELL,

       Petitioner,

 -against-

MICHAEL CAPRA,

       Respondent.

20-CV-0304 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

Petitioner, currently incarcerated in Sing Sing Correctional Facility, brings this *pro se* petition challenging his December 19, 2011 conviction in the New York Supreme Court, New York County. Petitioner paid the relevant fees to commence this action. The Court directs Petitioner to file a declaration within sixty days of the date of this order showing cause why this application should not be denied as time-barred.

## DISCUSSION

**A. Applicable Statute of Limitations**

Petitioner's application may be time-barred. A prisoner seeking *habeas* relief under § 2254 must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2).

Petitioner alleges that on December 19, 2011, he was convicted in the New York Supreme Court, New York County. Court records indicate that on March 9, 2017, the New York Supreme Court Appellate Division, First Department, affirmed the conviction, *People v. Kindell*, 148

A.D.3d 456 (1st Dep't Mar. 9, 2017), and the New York Court of Appeals denied leave to appeal on June 23, 2017, *People v. Kindell*, 29 N.Y.3d 1082 (N.Y. June 23, 2017). Petitioner's conviction consequently became final on September 22, 2017, following "the expiration of [the] 90-day period of time to petition for *certiorari* in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000). Petitioner placed this petition in the prison mail collection box on January 8, 2020, more than two years and three months after the judgment of conviction became final.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), when postconviction motions are filed before the expiration of the statute of limitations, those motions and related state-court proceedings may toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Postconviction motions filed after the limitations period expires, however, do not start the limitations period anew. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period.

Here, Petitioner alleges that on May 28, 2018, he filed a postconviction motion in the New York Supreme Court, New York County, to set aside his sentence. The state court denied Petitioner's motion on May 10, 2019.[1] Because Petitioner filed his state-court motion after the limitations period had expired, Petitioner's postconviction proceedings in the New York state courts do not appear to toll the limitations period. *See* 28 U.S.C. § 2244(d)(2).

---

[1] Petitioner alleges that he did not receive the court's decision until June 27, 2019. (ECF No. 1, at 4.)

**B.     Leave to File Declaration**

The Court therefore directs Petitioner to file a declaration within sixty days of the date of this order stating why this application should not be denied as time-barred.[1] Petitioner should allege any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that one-year limitations period under § 2244(d) for *habeas corpus* petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases).

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. Petitioner is directed to file a declaration within sixty days of the date of this order showing why the petition should not be denied as time-barred. A declaration form is attached to this order. If Petitioner timely files a declaration, the Court shall review it, and if proper, shall order the Respondent to answer. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the Court will deny the petition as time-barred. No answer shall be required at this time.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

---

[1] Petitioner should also include in the declaration a listing of (1) the dates that all postconviction applications in state court challenging this conviction were filed, including any petition for a writ of error *coram nobis*, all motions under N.Y. Crim. P. L. § 440, and any other postconviction applications, (2) when any postconviction applications were decided, (3) the dates that any appeals or applications for leave to appeal from those decisions were filed, (4) when those appeals or applications were decided, and (5) when Petitioner received notice of any state court decisions on those applications and appeals. *See* 28 U.S.C. § 2244(d)(2).

3

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 25, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____
(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

_____
(List the full name(s) of the defendant(s)/respondent(s).)

_____CV_____ (_____) (_____)

**AFFIRMATION FOR TIMELINESS**

I, _____, make the following Affirmation under the
  (List the full name of the plaintiff/movant/petitioner.)

penalties of perjury:

    I am the Plaintiff/Movant/Petitioner in this action and I respectfully submit this Affirmation in response to the Court's order dated _____. This action should not be time-barred by the statute of limitations because_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

For the foregoing reasons, I respectfully request that this action be permitted to proceed.

| | |
|---|---|
| Date | Signature |
| Name (Last, First, MI) | Prison Identification # (if incarcerated) |
| Address | City State Zip Code |
| Telephone Number | E-mail Address (if available) |