USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 8-7-20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENE KINDELL,

                Petitioner,

v.

MICHAEL CAPRA,

                Respondent.

No. 20-CV-304 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Petitioner, proceeding *pro se*, bring this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court is in receipt of Petitioner's letter, dated July 31, 2020, requesting that the Court appoint him pro bono counsel.  Dkt. 13.

    In civil cases, unlike in criminal cases, there is no requirement that courts supply indigent litigants with counsel.  *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation.  *Id.*; *see also Garavito-Garcia v. United States*, No. 17 Civ. 5798 (JSR) (SLC), 2019 WL 5960207, at *2 (S.D.N.Y. Nov. 13, 2019) ("Because there is no constitutional right to representation in a habeas action, it is in the Court's discretion whether to appoint pro bono counsel."). Even if a court believes that a litigant should have a lawyer, it has no authority to "appoint" counsel, but instead may only "request" that an attorney volunteer represent a litigant.  *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-310 (1989).  Since courts do not have funds to pay counsel in civil matters, they must grant applications for counsel sparingly in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are most deserving.  *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172-73 (2d Cir. 1989) (per curiam).

Pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, the Court may request counsel for a habeas petition where "the interests of justice so require." In considering whether to grant an indigent litigant's request for pro bono counsel, a district court considers the merits of the case, the litigant's efforts to obtain a lawyer, and the litigant's ability to gather the facts and present the case if unassisted by counsel. *See Cooper*, 877 F.2d at 172; *Hodge*, 802 F.2d at 60-62; *see also Martinson v. U.S. Parole Comm'n*, No. 02 Civ. 4913 (DLC) (DF), 2004 WL 203005, at *2-3 (S.D.N.Y. Feb. 2, 2004) (explaining that the "same standards apply" in determining either "whether or not to appoint counsel to an indigent plaintiff under § 1915(d)" or "whether, in the interest of justice, to appoint counsel for a petitioner in a habeas proceeding"). Here, Petitioner asserts that he in "presently incarcerated," "a layperson in matters of law," and "unable to protect all [of his] rights." Dkt. 13. Petitioner has not suggested that he is unable to afford a lawyer, and in fact paid the filing fee to bring this petition.

In any event, while the Court is sympathetic to Petitioner's circumstances, his application does not contain sufficient detail to justify that the Court attempt to have counsel assigned. Accordingly, Petitioner's request for the appointment of counsel is denied without prejudice to renewal at a later date if additional grounds for the application are presented to the Court. If he renews his application, Petitioner is advised to provide details bearing on the merits of his Petition, his efforts to obtain a lawyer, whether he is able to afford a lawyer, and how his circumstances affect his ability to represent himself in this proceeding.

The Clerk of Court is respectfully directed to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated:   August 7, 2020
         New York, New York

_____
RONNIE ABRAMS
United States District Judge