UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EUGENE KINDELL,

                          Petitioner,

            v.

MICHAEL CAPRA,

                          Respondent.

No. 20-CV-304 (RA)

OPINION & ORDER
ADOPTING REPORT &
RECOMMENDATION

---

RONNIE ABRAMS, United States District Judge:

      Before the Court is Magistrate Judge Wang's Report and Recommendation ("the Report"), dated May 6, 2024, on Petitioner Eugene Kindell's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 48. On December 19, 2011, following a trial, the New York Supreme Court entered a judgment convicting Kindell of second-degree burglary, attempted second-degree burglary, and second-degree bail jumping. Kindell was sentenced to an aggregate term of 19.5 years to life. Kindell challenges his conviction and sentence on three grounds: (1) that there was insufficient evidence to convict him of bail jumping; (2) that he received ineffective assistance of counsel due to his attorney's failure to immediately move to reopen the suppression hearings; and (3) that his sentence was excessive. Respondent seeks dismissal of the habeas petition on the basis that, inter alia, the prosecution presented myriad evidence from which a rational juror could have concluded Kindell was guilty of bail jumping; the suppression hearings were indeed reopened before trial, and that any delay was not prejudicial; and that Kindell's sentence fell squarely within the range prescribed by state law. Judge Wang has recommended that the petition be dismissed. Neither party has filed objections to the Report.[1]

---

[1] A copy of the Report was mailed to Petitioner at P.O. Box 700 Wallkill, NY 12589, which is his current address according to his Notice of Change of Address dated July 24, 2023. *See* ECF No. 47.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition," Fed. R. Civ. P. 72(b)(2), or within 17 days when service is made by mail. *See* Fed. R. Civ. P. 6(d). A court will review de novo those portions of a report to which a party files specific objections. 28 U.S.C. § 636(b)(1). "When the parties make no objections," however, "the Court may adopt the Report if 'there is no clear error on the face of the record.'" *Smith v. Corizon Health Servs.*, No. 14-cv-8839, 2015 WL 6123563, at *1 (S.D.N.Y. Oct. 16, 2015) (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)). "Furthermore, if as here . . . the magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to object generally operates as a waiver of the right to appellate review." *Hamilton v. Mount Sinai Hosp.*, 331 F. App'x 874, 875 (2d Cir. 2009) (citations omitted). "As long as adequate notice is provided, the rule also applies to *pro se* parties." *Id.*

In this case, Judge Wang warned that any objections would be due within 14 days of service. *See* ECF No. 48 at 22. As no objections were filed within that period, the Court reviewed the Report for clear error, and has found none. Accordingly, the petition for a writ of habeas corpus is dismissed. Because the petition makes no substantial showing of a denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). The Clerk of Court is respectfully directed to mail a copy of this order to Petitioner and to close this case.

SO ORDERED.

Dated:   September 30, 2024
         New York, New York

                                                     Ronnie Abrams
                                                     United States District Judge